**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-5184

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DONTE D. ROLLERSON,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-01227-PMD-1)

Submitted:  June 21, 2011          Decided:  July 13, 2011

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Cameron  J.  Blazer,  Assistant  Federal  Public  Defender,
Charleston, South Carolina, for Appellant.  William N. Nettles,
United States Attorney, Nick Bianchi, Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donte D. Rollerson pled guilty to being a felon in possession of a weapon (Count 1) and possession of firearm with an obliterated serial number (Count 2). Rollerson was sentenced to seventy months of imprisonment for Count 1 and sixty months for Count 2, to run concurrently. The seventy-month sentence was the bottom of Rollerson's correctly calculated Sentencing Guidelines range. On appeal, Rollerson contends that his sentence was procedurally and substantively unreasonable. For the reasons that follow, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, "whether inside, just outside, or significantly outside the Guidelines range," and this Court applies a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 49 (2007). We first must "ensure that the district court committed no significant procedural error." Id. at 51. Only if the sentence is procedurally reasonable can this Court evaluate the substantive reasonableness of the sentence, again using the abuse of discretion standard of review. Id.; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

We find no procedural or substantive error. Moreover, if a sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable.

United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 347 (2007); United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) ("A sentence within the proper Sentencing Guidelines range is presumptively reasonable.") (citation omitted). When reviewing a sentence for substantive reasonableness, we take into account "the totality of the circumstances" Gall, 552 U.S. at 51, and the presumption of reasonableness is rebutted only by showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2006)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted). Rollerson has failed to rebut the presumption.

Accordingly, we affirm Rollerson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED